Archibald C. Wemple, J.
Defendant seeks herein to modify an order opening a default judgment taken on January 19, 1962 against him upon an application made within a few months. The order in question was made on May 21, 1962 and opened the judgment on certain terms and conditions contained therein. *342 Thereafter on August 2,1962 plaintiff appealed to the Appellate Division of the Supreme Court, Third Department, from the opening order and in his appeal specifically appealed “ from so much of the order as opens the judgment entered in this action on January 19, 1962— and opens the defendant’s default in answering permitting said defendant to serve and file his answer herein, etc.” At about the same time the defendant made an ex parte application to this court to discharge the said judgment in the amount of $3,768.25 entered on January 19,1962 and offered to give in discharge thereof an undertaking in the amount of $3,800. While not challenging the sufficiency of the undertaking, the plaintiff’s counsel insisted on the judgment remaining as a lien upon the defendant’s property and as security as originally ordered by this court.
The application of the defendant to open the default was made within one year and was timely. (Civ. Prac. Act, § 108.) The court in which a judgment is taken has the discretion to open a default and to permit a defendant to come in and defend. Such court likewise has the authority to open said default upon terms or without terms.
In the case at bar the order opening the default provided that the judgment should stand as security. To open a default and to permit a defendant to come in and defend, as ordered herein, has the effect of placing the judgment in a new status under the law. It is not then a judgment in the full and final sense of the word since it has been opened and may ultimately be set aside. Thereupon, the operation of the judgment as an absolute lien becomes somewhat doubtful. The judgment, once opened, is no longer final but is in name only a judgment which may be altered or set aside at a later date.
In the case at bar the defendant has presented unchallenged proof that the judgment standing against him has created a substantial hardship to him and his family. He contends his business has been affected to the point of possible bankruptcy.
It was certainly the intention of the court to provide protection to the plaintiff at the time the judgment was opened. Therefore, the judgment was directed to stand as security. It was not the intention of the court by such terms to incapacitate the defendant from doing business or to punish him irreparably on account of default.
As plaintiff’s attorney has suggested, the judgment could be discharged by a cash deposit into court. It is to be noted also that plaintiff’s appeal to the Appellate Division concerns only that part of the order which opens the default. There is no appeal from the terms of the opening order.
*343 Therefore, this court is disposed to grant the relief requested by the defendant’s attorney in behalf of the defendant just as he would be entitled to file an undertaking in the ease of an appeal in general. The defendant will be permitted to substitute for the “security of the judgment dated January 19, 1962” an undertaking in the amount of $5,000. The undertaking shall be expressed in terms so as to protect the plaintiff as to the ultimate outcome of the lawsuit herein. Upon filing the undertaking the judgment is hereby discharged of record as a lien. In addition the defendant is to discharge of record the three judgment liens now prior in time of filing to the judgment of January 19, 1962. The order of this court dated May 21, 1962 and entered in the County Clerk’s office on July 6, 1962, subject to the effect of the appeal to the Appellate Division thereon, is hereby modified and amended as herein directed.